IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT, IN
AND FOR SEMINOLE COUNTY,
FLORIDA

CASE NO.

PROFESSIONAL PLASTERING
& STUCCO, INC.,

6-12-CN-1613-00-19DAB

      Plaintiff,

vs.

ADMIRAL INSURANCE COMPANY,
NATIONAL FIRE AND MARINE
INSURANCE COMPANY and ESSEX
INSURANCE COMPANY,

      Defendants.

_____/

## COMPLAINT

Plaintiff, PROFESSIONAL PLASTERING & STUCCO, INC. (PROFESSIONAL PLASTERING), sues the Defendant, ADMIRAL INSURANCE COMPANY, and Defendant, NATIONAL FIRE AND MARINE INSURANCE COMPANY, and Defendant, ESSEX INSURANCE COMPANY, and alleges:

1.) This is an action against the Defendants seeking in excess of $15,000.00 in damages for breach of insurance contracts, violation of § 624.155, Florida Statutes; common law bad faith and violation of § 626.9541, Florida Statutes.

2.) Venue is proper in this Court where the Defendants breached their obligation to defend the Plaintiff and a cause of action thereby accrued.

3.) Plaintiff, PROFESSIONAL PLASTERING is a Florida corporation with its principal business office in Sanford, Seminole County, Florida.

4.)     Defendant, ADMIRAL INSURANCE COMPANY (ADMIRAL) is a foreign corporation with its principal business offices in New Jersey.

5.)     Defendant, NATIONAL FIRE AND MARINE INSURANCE COMPANY (NATIONAL FIRE) is a foreign corporation with its principal business office in Nebraska.

6.)     Defendant, ESSEX INSURANCE COMPANY (ESSEX) is a foreign corporation with its principal business office in New Jersey.

7.)     Sometime on or before June 2009, Plaintiff, PROFESSIONAL PLASTERING was joined as a Defendant in a Lawsuit alleging that negligent acts by PROFESSIONAL PLASTERING caused damages to the Lawsuit Plaintiffs. The Lawsuit was styled and identified as *Mark F. Teseniar and Nan M. Teseniar, et al. v. Professional Plastering & Stucco, Inc., et al.,* Court of Common Pleas for the Ninth Judicial Circuit, State of South Carolina, County of Charleston, Case No. 2008-CA-10-0049 ("The Lawsuit").

8.)     PROFESSIONAL PLASTERING provided timely notice to the Defendants advising that a Lawsuit alleging negligent acts by PROFESSIONAL PLASTERING was asserted against the Company. The notices requested defense and indemnity from the Defendants pursuant to insurance policy contracts PROFESSIONAL PLASTERING purchased from the Defendants through insurance agents acting on behalf of the Defendants.

9.)     Defendants accepted responsibility for PROFESSIONAL PLASTERING's defense of the Lawsuit and assigned attorneys to defend PROFESSIONAL PLASTERING.

10.) During the course of the Lawsuit proceedings, settlement offers were made by the Lawsuit Plaintiffs that, if accepted, would have resolved the Lawsuit well within the policy limits of the insurance policy contracts issued to PROFESSIONAL PLASTERING by the Defendants.

11.) In addressing the opportunity to settle the Lawsuit within the Policy Limits of the insurance policy contracts issued to PROFESSIONAL PLASTERING, the Defendants did not act in good faith to settle the Lawsuit when, under the circumstances, they could have reasonably done so if the Defendants had acted fairly and honestly and with due regard for the insured.

12.) Defendants squandered the pre-trial opportunity to fully settle the negligence claims against PROFESSIONAL PLASTERING for no more than nine hundred fifty thousand dollars ($950,000.00). The Defendants rejected this settlement opportunity without taking into regard the interests or protections of PROFESSIONAL PLASTERING. See Settlement Offer attached as Composite Exhibit A.

13.) Instead, the Defendants refused to reasonably settle the negligence claims alleged against PROFESSIONAL PLASTERING within Policy Limits and thereby elevated their own interests and profits above the interests of their insured, PROFESSIONAL PLASTERING.

14.) As a direct and proximate result of the Defendants' failure and refusal to settle the insured negligence claims, PROFESSIONAL PLASTERING was forced to participate in a South Carolina jury trial while defended by the insurance defense lawyers retained by the Defendants.

15.)    On or about May 13, 2011, the South Carolina jury returned a verdict finding PROFESSIONAL PLASTERING "negligent" and awarding the Lawsuit Plaintiffs $7,723,225.00 in actual damages. A copy of the Verdict is attached as Exhibit B.

16.)    On or about May 13, 2011, Judgment was rendered in favor of the Lawsuit Plaintiffs and against the insured, PROFESSIONAL PLASTERING on the negligence claims awarding $7,723,225.00 to the Lawsuit Plaintiffs. A copy of the Judgment is attached as Exhibit C.

17.)    On or about October 28, 2011, the Lawsuit Plaintiffs commenced enforcement and collection proceedings against the insured, PROFESSIONAL PLASTERING in the matter *Mark F. Tesenior and Nan M. Tesenior, et al. v. Professional Plastering & Stucco, Inc., et al.*, in the Eighteenth Judicial Circuit, Seminole County, Florida, Case No. 11-CA-4261-16-W ("Florida Lawsuit").

18.)    PROFESSIONAL PLASTERING provided notice to the Defendants advising that Lawsuit Plaintiffs had filed the Florida Lawsuit. The notice requested defense and indemnity, or that the Defendants record a supersedeas bond against the Lawsuit Judgment negligence award. The Defendants abandoned their obligations owed PROFESSIONAL PLASTERING and left the insured without a defense to the Florida Lawsuit.

19.)    The Defendants did not act in good faith but breached their insurance contract duties owed to PROFESSIONAL PLASTERING by failing and refusing to provide a defense to the Florida Lawsuit; and failing and refusing to indemnify PROFESSIONAL PLASTERING; and failing and refusing to record a supersedeas bond

against the Lawsuit Judgment's negligence award thereby placing PROFESSIONAL PLASTERING at peril that could and should have been prevented by the Defendant insurers.

20.) All conditions precedent to bring this action have been performed, occurred, or were waived.

21.) Plaintiff, PROFESSIONAL PLASTERING demands trial by jury regarding all matters set forth herein.

22.) Plaintiff, PROFESSIONAL PLASTERING has retained the undersigned law firm to represent it in this action and has agreed to pay a reasonable fee for such services. PROFESSIONAL PLASTERING seeks an award of attorney's fees against the Defendants pursuant to § 627.428, Florida Statutes, and to the full extent authorized by law with respect to the claims below.

## COUNT I

### BREACH OF INSURANCE CONTRACT AGAINST ADMIRAL INSURANCE COMPANY

23.) Plaintiff, PROFESSIONAL PLASTERING realleges and incorporates the allegations in paragraphs 1 through 22 as if restated herein.

24.) Defendant, ADMIRAL contracted with the Plaintiff, PROFESSIONAL PLASTERING to provide insurance coverages, including but not limited to the obligations to defend and indemnify PROFESSIONAL PLASTERING against liability for negligence damages.

25.) Defendant, ADMIRAL periodically reaffirmed and renewed its insurance contract with PROFESSIONAL PLASTERING for which ADMIRAL demanded and charged hefty premium payments from PROFESSIONAL PLASTERING.

26.)   Plaintiff, PROFESSIONAL PLASTERING paid the Defendant, ADMIRAL large sums of money as insurance premiums for ADMIRAL's insurance coverages, which monies ADMIRAL readily received and accepted.  However, when insured claims were alleged and asserted in the Lawsuit against PROFESSIONAL PLASTERING, the insurer, ADMIRAL breached its contract by refusing to fulfill its contractual obligations to the Plaintiff, by:

a.   ADMIRAL failed to properly defend PROFESSIONAL PLASTERING against insured claims in a manner that reasonably placed the interests of the insured above the profit interests of ADMIRAL.

b.   ADMIRAL breached its obligation of good faith and fair dealing in refusing to settle the insured claims against PROFESSIONAL PLASTERING within policy limits when ADMIRAL could and should have done so.

c.   ADMIRAL breached its duty to defend PROFESSIONAL PLASTERING against the Florida Lawsuit.

d.   ADMIRAL breached its obligations to PROFESSIONAL PLASTERING in refusing to indemnify the insured against the negligence Judgment and in refusing to post a bond against the negligence Judgment to protect the insured against collection.

27.)   ADMIRAL breached the insurance contracts with PROFESSIONAL PLASTERING in failing to fulfill its obligations to properly defend and indemnify PROFESSIONAL PLASTERING.

28.)   As a direct and proximate result of ADMIRAL's breach of its contractual obligations, the Plaintiff, PROFESSIONAL PLASTERING has suffered damages.

WHEREFORE, Plaintiff, PROFESSIONAL PLASTERING demands judgment against the Defendant, ADMIRAL for any and all damages, consequential damages, losses, attorney's fees, pre-judgment interest, post-judgment interest, costs, and such other equitable relief as this Court deems just and proper.

## COUNT II

### VIOLATION OF § 624.155, FLORIDA STATUTES AGAINST ADMIRAL INSURANCE COMPANY

29.) Plaintiff, PROFESSIONAL PLASTERING realleges and incorporates the allegations in paragraphs 1 through 22 as if restated herein.

30.) Defendant, ADMIRAL contracted to provide insurance to Plaintiff, PROFESSIONAL PLASTERING and periodically reaffirmed and renewed the contracted insurance coverages at great cost and expense to PROFESSIONAL PLASTERING. ADMIRAL received substantial premium payments from PROFESSIONAL PLASTERING which ADMIRAL readily received and accepted, thus providing significant profits to ADMIRAL.

31.) Defendant, ADMIRAL failed to properly perform its insurer obligations in violation of § 624.155, Florida Statutes. Therefore, PROFESSIONAL PLASTERING provided a sixty (60) day cure notice pursuant to § 624.155 (3)(a), Florida Statutes. A copy of the Civil Remedy Notice of Insurer Violation is attached as Exhibit D.

32.) Defendant, ADMIRAL failed to timely respond to address the Civil Remedy Notice of Insurer Violation pursuant to § 624.155 (3)(e), Florida Statutes, and is thereby presumed to have acted in bad faith.

33.) Defendant, ADMIRAL failed to timely remedy its performance failures and its statutory violations as required by of § 624.155, Florida Statutes.

34.)    As a direct and proximate result of Defendant, ADMIRAL's violation of § 624.155, Florida Statutes, PROFESSIONAL PLASTERING has suffered damages and losses for which recovery is demanded against ADMIRAL pursuant to § 624.155 (4), Florida Statutes.

WHEREFORE, Plaintiff, PROFESSIONAL PLASTERING demands judgment against the Defendant, ADMIRAL for any and all damages, consequential damages, statutory damages, losses, attorney's fees, pre-judgment interest, post-judgment interest, costs, and such other equitable relief as this Court deems just and proper.

## COUNT III

### COMMON LAW BAD FAITH AGAINST
### ADMIRAL INSURANCE COMPANY

35.)    Plaintiff, PROFESSIONAL PLASTERING realleges and incorporates the allegations in paragraphs 1 through 22 as if restated herein.

36.)    Defendant, ADMIRAL entered into a fiduciary relationship with Plaintiff, PROFESSIONAL PLASTERING as its insurer to defend and indemnify PROFESSIONAL PLASTERING against alleged occurrences of negligence liability and damages.

37.)    Defendant, ADMIRAL has a good faith duty to perform its fiduciary obligations fairly and honestly and with due regard for the interests of PROFESSIONAL PLASTERING.

38.)    Defendant, ADMIRAL breached its fiduciary obligations and acted in bad faith when ADMIRAL placed its own interests and profits above the interests of PROFESSIONAL PLASTERING in refusing to properly defend, settle, and indemnify PROFESSIONAL PLASTERING against the negligence claims asserted in the Lawsuit.

39.) Defendant, ADMIRAL breached its fiduciary obligations and acted in bad faith when ADMIRAL placed its own interests and profits above the interests of PROFESSIONAL PLASTERING in refusing to properly defend, settle, and indemnify PROFESSIONAL PLASTERING against the claims asserted in the Florida Lawsuit.

40.) As a direct and proximate result of Defendant, ADMIRAL's breach of fiduciary duties and bad faith actions, the Plaintiff, PROFESSIONAL PLASTERING suffered damages and losses.

WHEREFORE, Plaintiff, PROFESSIONAL PLASTERING demands judgment against the Defendant, ADMIRAL for any and all damages, consequential damages, losses, attorney's fees, pre-judgment interest, post-judgment interest, costs, and such other equitable relief as this Court deems just and proper.

## COUNT IV

### VIOLATION OF § 626.9541, FLORIDA STATUTES AGAINST ADMIRAL INSURANCE COMPANY

41.) Plaintiff, PROFESSIONAL PLASTERING realleges and incorporates the allegations in paragraphs 1 through 22 as if restated herein.

42.) Defendant, ADMIRAL contracted to provide insurance protections to Plaintiff, PROFESSIONAL PLASTERING and periodically reaffirmed and renewed the contract at great cost and expense to PROFESSIONAL PLASTERING.

43.) Defendant, ADMIRAL failed to perform its insurer obligations and violated § 626.9541, Florida Statutes, by unfair and deceptive acts and practices.

44.) Defendant, ADMIRAL was alerted to its violations of § 626.9541, Florida Statutes, by PROFESSIONAL PLASTERING's Civil Remedy Notice of Insurer

Violation. A copy of the Civil Remedy Notice of Insurer Violation is attached as Exhibit D.

45.) Defendant, ADMIRAL failed to timely respond to address its performance failures and its statutory violations of § 626.9541, Florida Statutes, and is thereby presumed to have acted in bad faith.

46.) Defendant, ADMIRAL failed to timely remedy its performance failures and statutory violations of § 626.9541, Florida Statutes.

47.) As a direct and proximate result of Defendant, ADMIRAL's violations of § 626.9541, Florida Statutes, PROFESSIONAL PLASTERING has suffered damages and losses for which recovery is demanded against ADMIRAL pursuant to § 626.9541, Florida Statutes.

WHEREFORE, Plaintiff, PROFESSIONAL PLASTERING demands judgment against the Defendant, ADMIRAL for any and all damages, consequential damages, losses, attorney's fees, pre-judgment interest, post-judgment interest, costs, and such other equitable relief as this Court deems just and proper.

## COUNT V

### BREACH OF INSURANCE CONTRACT AGAINST
### NATIONAL FIRE & MARINE INSURANCE COMPANY

48.) Plaintiff, PROFESSIONAL PLASTERING realleges and incorporates the allegations in paragraphs 1 through 22 as if restated herein.

49.) Defendant, NATIONAL FIRE contracted with the Plaintiff, PROFESSIONAL PLASTERING to provide insurance coverages, including but not limited to the obligations to defend and indemnify PROFESSIONAL PLASTERING against liability for negligence damages.

50.)   Defendant, NATIONAL FIRE periodically reaffirmed and renewed its insurance contract with PROFESSIONAL PLASTERING for which NATIONAL FIRE demanded and charged hefty premium payments from PROFESSIONAL PLASTERING.

51.)   Plaintiff, PROFESSIONAL PLASTERING paid the Defendant, NATIONAL FIRE large sums of money as insurance premiums for NATIONAL FIRE's insurance coverages, which monies NATIONAL FIRE readily received and accepted. However, when insured claims were alleged and asserted in the Lawsuit against PROFESSIONAL PLASTERING, the insurer, NATIONAL FIRE breached its contract by refusing to fulfill its contractual obligations to the Plaintiff, by:

a.      NATIONAL FIRE failed to properly defend PROFESSIONAL PLASTERING against insured claims in a manner that reasonably placed the interests of the insured above the profit interests of NATIONAL FIRE.

b.      NATIONAL FIRE breached its obligation of good faith and fair dealing in refusing to settle the insured claims against PROFESSIONAL PLASTERING within policy limits when NATIONAL FIRE could and should have done so.

c.      NATIONAL FIRE breached its duty to defend PROFESSIONAL PLASTERING against the Florida Lawsuit.

d.      NATIONAL FIRE breached its obligations to PROFESSIONAL PLASTERING in refusing to indemnify the insured against the negligence Judgment and in refusing to post a bond against the negligence Judgment to protect the insured against collection.

11

52.) NATIONAL FIRE breached the insurance contracts with PROFESSIONAL PLASTERING in failing to fulfill its obligations to properly defend and indemnify PROFESSIONAL PLASTERING.

53.) As a direct and proximate result of NATIONAL FIRE's breach of its contractual obligations, the Plaintiff, PROFESSIONAL PLASTERING has suffered damages.

WHEREFORE, Plaintiff, PROFESSIONAL PLASTERING demands judgment against the Defendant, NATIONAL FIRE for any and all damages, consequential damages, losses, attorney's fees, pre-judgment interest, post-judgment interest, costs, and such other equitable relief as this Court deems just and proper.

## COUNT VI

### VIOLATION OF § 624.155, FLORIDA STATUTES AGAINST NATIONAL FIRE & MARINE INSURANCE COMPANY

54.) Plaintiff, PROFESSIONAL PLASTERING realleges and incorporates the allegations in paragraphs 1 through 22 as if restated herein.

55.) Defendant, NATIONAL FIRE contracted to provide insurance to Plaintiff, PROFESSIONAL PLASTERING and periodically reaffirmed and renewed the contracted insurance coverages at great cost and expense to PROFESSIONAL PLASTERING. NATIONAL FIRE received substantial premium payments from PROFESSIONAL PLASTERING which NATIONAL FIRE readily received and accepted, thus providing significant profits to NATIONAL FIRE.

56.) Defendant, NATIONAL FIRE failed to properly perform its insurer obligations in violation of § 624.155, Florida Statutes. Therefore, PROFESSIONAL PLASTERING provided a sixty (60) day cure notice pursuant to § 624.155 (3)(a), Florida

Statutes.  A copy of the Civil Remedy Notice of Insurer Violation is attached as Exhibit E.

57.)   Defendant, NATIONAL FIRE failed to timely remedy its performance failures and its statutory violations as required by of § 624.155, Florida Statutes.

58.)   As a direct and proximate result of Defendant, NATIONAL FIRE's violation of § 624.155, Florida Statutes, PROFESSIONAL PLASTERING has suffered damages and losses for which recovery is demanded against NATIONAL FIRE pursuant to § 624.155 (4), Florida Statutes.

WHEREFORE, Plaintiff, PROFESSIONAL PLASTERING demands judgment against the Defendant, NATIONAL FIRE for any and all damages, consequential damages, statutory damages, losses, attorney's fees, pre-judgment interest, post-judgment interest, costs, and such other equitable relief as this Court deems just and proper.

## COUNT VII

### COMMON LAW BAD FAITH AGAINST
### NATIONAL FIRE & MARINE INSURANCE COMPANY

59.)   Plaintiff, PROFESSIONAL PLASTERING realleges and incorporates the allegations in paragraphs 1 through 22 as if restated herein.

60.)   Defendant, NATIONAL FIRE entered into a fiduciary relationship with Plaintiff, PROFESSIONAL PLASTERING as its insurer to defend and indemnify PROFESSIONAL PLASTERING against alleged occurrences of negligence liability and damages.

61.)   Defendant, NATIONAL FIRE has a good faith duty to perform its fiduciary obligations fairly and honestly and with due regard for the interests of PROFESSIONAL PLASTERING.

62.)   Defendant, NATIONAL FIRE breached its fiduciary obligations and acted in bad faith when NATIONAL FIRE placed its own interests and profits above the interests of PROFESSIONAL PLASTERING in refusing to properly defend, settle, and indemnify PROFESSIONAL PLASTERING against the negligence claims asserted in the Lawsuit.

63.)   Defendant, NATIONAL FIRE breached its fiduciary obligations and acted in bad faith when NATIONAL FIRE placed its own interests and profits above the interests of PROFESSIONAL PLASTERING in refusing to properly defend, settle, and indemnify PROFESSIONAL PLASTERING against the claims asserted in the Florida Lawsuit.

64.)   As a direct and proximate result of Defendant, NATIONAL FIRE's breach of fiduciary duties and bad faith actions, the Plaintiff, PROFESSIONAL PLASTERING suffered damages and losses.

WHEREFORE, Plaintiff, PROFESSIONAL PLASTERING demands judgment against the Defendant, NATIONAL FIRE for any and all. damages, consequential damages, losses, attorney's fees, pre-judgment interest, post-judgment interest, costs, and such other equitable relief as this Court deems just and proper.

## COUNT VIII

### VIOLATION OF § 626.9541, FLORIDA STATUTES AGAINST NATIONAL FIRE & MARINE INSURANCE COMPANY

65.)   Plaintiff, PROFESSIONAL PLASTERING realleges and incorporates the allegations in paragraphs 1 through 22 as if restated herein.

66.)  Defendant, NATIONAL FIRE contracted to provide insurance protections to Plaintiff, PROFESSIONAL PLASTERING and periodically reaffirmed and renewed the contract at great cost and expense to PROFESSIONAL PLASTERING.

67.)  Defendant, NATIONAL FIRE failed to properly perform its insurer obligations and violated § 626.9541, Florida Statutes, by unfair and deceptive acts and practices.

68.)  Defendant, NATIONAL FIRE was alerted to its violations of § 626.9541, Florida Statutes, by PROFESSIONAL PLASTERING's Civil Remedy Notice of Insurer Violation. A copy of the Civil Remedy Notice of Insurer Violation is attached as Exhibit E.

69.)  Defendant, NATIONAL FIRE failed to timely remedy its performance failures and statutory violations of § 626.9541, Florida Statutes.

70.)  As a direct and proximate result of Defendant, NATIONAL FIRE's violations of § 626.9541, Florida Statutes, PROFESSIONAL PLASTERING has suffered damages and losses for which recovery is demanded against NATIONAL FIRE pursuant to § 626.9541, Florida Statutes.

WHEREFORE, Plaintiff, PROFESSIONAL PLASTERING demands judgment against the Defendant, NATIONAL FIRE for any and all damages, consequential damages, losses, attorney's fees, pre-judgment interest, post-judgment interest, costs, and such other equitable relief as this Court deems just and proper.

## COUNT IX

## BREACH OF INSURANCE CONTRACT AGAINST
## ESSEX INSURANCE COMPANY

71.)   Plaintiff, PROFESSIONAL PLASTERING realleges and incorporates the allegations in paragraphs 1 through 22 as if restated herein.

72.)   Defendant, ESSEX contracted with the Plaintiff, PROFESSIONAL PLASTERING to provide insurance coverages, including but not limited to the obligations to defend and indemnify PROFESSIONAL PLASTERING against liability for negligence damages.

73.)   Defendant, ESSEX periodically reaffirmed and renewed its insurance contract with PROFESSIONAL PLASTERING for which ESSEX demanded and charged hefty premium payments from PROFESSIONAL PLASTERING.

74.)   Plaintiff, PROFESSIONAL PLASTERING paid the Defendant, ESSEX large sums of money as insurance premiums for ESSEX's insurance coverages, which monies ESSEX readily received and accepted.  However, when insured claims were alleged and asserted in the Lawsuit against PROFESSIONAL PLASTERING, the insurer, ESSEX breached its contract by refusing to fulfill its contractual obligations to the Plaintiff, by:

a.     ESSEX failed to properly defend PROFESSIONAL PLASTERING against insured claims in a manner that reasonably placed the interests of the insured above the profit interests of ESSEX.

b.     ESSEX breached its obligation of good faith and fair dealing in refusing to settle the insured claims against PROFESSIONAL PLASTERING within policy limits when ESSEX could and should have done so.

16

c. ESSEX breached its duty to defend PROFESSIONAL PLASTERING against the Florida Lawsuit.

d. ESSEX breached its obligations to PROFESSIONAL PLASTERING in refusing to indemnify the insured against the negligence Judgment and in refusing to post a bond against the negligence Judgment to protect the insured against collection.

75.) ESSEX breached the insurance contracts with PROFESSIONAL PLASTERING in failing to fulfill its obligations to properly defend and indemnify PROFESSIONAL PLASTERING.

76.) As a direct and proximate result of ESSEX's breach of its contractual obligations, the Plaintiff, PROFESSIONAL PLASTERING has suffered damages.

WHEREFORE, Plaintiff, PROFESSIONAL PLASTERING demands judgment against the Defendant, ESSEX for any and all damages, consequential damages, losses, attorney's fees, pre-judgment interest, post-judgment interest, costs, and such other equitable relief as this Court deems just and proper.

## COUNT X

### VIOLATION OF § 624.155, FLORIDA STATUTES
### AGAINST ESSEX INSURANCE COMPANY

77.) Plaintiff, PROFESSIONAL PLASTERING realleges and incorporates the allegations in paragraphs 1 through 22 as if restated herein.

78.) Defendant, ESSEX contracted to provide insurance to Plaintiff, PROFESSIONAL PLASTERING and periodically reaffirmed and renewed the contracted insurance coverages at great cost and expense to PROFESSIONAL PLASTERING. ESSEX received substantial premium payments from PROFESSIONAL

PLASTERING which ESSEX readily received and accepted, thus providing significant profits to ESSEX.

79.)   Defendant, ESSEX failed to properly perform its insurer obligations in violation of § 624.155, Florida Statutes.   Therefore, PROFESSIONAL PLASTERING provided a sixty (60) day cure notice pursuant to § 624.155 (3)(a), Florida Statutes.   A copy of the Civil Remedy Notice of Insurer Violation is attached as Exhibit F.

80.)   Defendant, ESSEX failed to timely remedy its performance failures and its statutory violations as required by of § 624.155, Florida Statutes.

81.)   As a direct and proximate result of Defendant, ESSEX's violation of § 624.155, Florida Statutes, PROFESSIONAL PLASTERING has suffered damages and losses for which recovery is demanded against ESSEX pursuant to § 624.155 (4), Florida Statutes.

WHEREFORE, Plaintiff, PROFESSIONAL PLASTERING demands judgment against the Defendant, ESSEX for any and all damages, consequential damages, statutory damages, losses, attorney's fees, pre-judgment interest, post-judgment interest, costs, and such other equitable relief as this Court deems just and proper.

## COUNT XI

### COMMON LAW BAD FAITH AGAINST ESSEX INSURANCE COMPANY

82.)   Plaintiff, PROFESSIONAL PLASTERING realleges and incorporates the allegations in paragraphs 1 through 22 as if restated herein.

83.)   Defendant, ESSEX entered into a fiduciary relationship with Plaintiff, PROFESSIONAL PLASTERING as its insurer to defend and indemnify

PROFESSIONAL PLASTERING against alleged occurrences of negligence liability and damages.

84.) Defendant, ESSEX has a good faith duty to perform its fiduciary obligations fairly and honestly and with due regard for the interests of PROFESSIONAL PLASTERING.

85.) Defendant, ESSEX breached its fiduciary obligations and acted in bad faith when ESSEX placed its own interests and profits above the interests of PROFESSIONAL PLASTERING in refusing to properly defend, settle, and indemnify PROFESSIONAL PLASTERING against the negligence claims asserted in the Lawsuit.

86.) Defendant, ESSEX breached its fiduciary obligations and acted in bad faith when ESSEX placed its own interests and profits above the interests of PROFESSIONAL PLASTERING in refusing to properly defend, settle, and indemnify PROFESSIONAL PLASTERING against the claims asserted in the Florida Lawsuit.

87.) As a direct and proximate result of Defendant, ESSEX's breach of fiduciary duties and bad faith actions, the Plaintiff, PROFESSIONAL PLASTERING suffered damages and losses.

WHEREFORE, Plaintiff, PROFESSIONAL PLASTERING demands judgment against the Defendant, ESSEX for any and all damages, consequential damages, losses, attorney's fees, pre-judgment interest, post-judgment interest, costs, and such other equitable relief as this Court deems just and proper.

## COUNT XII

### VIOLATION OF § 626.9541, FLORIDA STATUTES AGAINST ESSEX INSURANCE COMPANY

88.)   Plaintiff, PROFESSIONAL PLASTERING realleges and incorporates the allegations in paragraphs 1 through 22 as if restated herein.

89.)   Defendant, ESSEX contracted to provide insurance protections to Plaintiff, PROFESSIONAL PLASTERING and periodically reaffirmed and renewed the contract at great cost and expense to PROFESSIONAL PLASTERING.

90.)   Defendant, ESSEX failed to perform its insurer obligations and violated § 626.9541, Florida Statutes, by unfair and deceptive acts and practices.

91.)   Defendant, ESSEX was alerted to its violations of § 626.9541, Florida Statutes, by PROFESSIONAL PLASTERING's Civil Remedy Notice of Insurer Violation. A copy of the Civil Remedy Notice of Insurer Violation is attached as Exhibit F.

92.)   Defendant, ESSEX failed to timely remedy its performance failures and statutory violations of § 626.9541, Florida Statutes.

93.)   As a direct and proximate result of Defendant, ESSEX's violations of § 626.9541, Florida Statutes, PROFESSIONAL PLASTERING has suffered damages and losses for which recovery is demanded against ESSEX pursuant to § 626.9541, Florida Statutes.


WHEREFORE, Plaintiff, PROFESSIONAL PLASTERING demands judgment against the Defendant, ESSEX for any and all damages, consequential damages, losses,

attorney's fees, pre-judgment interest, post-judgment interest, costs, and such other equitable relief as this Court deems just and proper.

STEVEN R. SCHOOLEY
Florida Bar No. 656577
The Schooley Law Firm
108 Hillcrest Street
Orlando, Florida 32801
Telephone:     (407) 377-6300
Facsimile:     (407) 377-6036

Attorney for Plaintiff,
Professional Plastering & Stucco, Inc.