# EXHIBIT A

# THURMOND KIRCHNER TIMBES & YELVERTON, P.A.
## ATTORNEYS & COUNSELORS AT LAW

### 15 MIDDLE ATLANTIC WHARF, SUITE 101
### CHARLESTON, SOUTH CAROLINA 29401

Paul R. Thurmond
Jesse A. Kirchner
Michael A. Timbes *
Matthew E. Yelverton **
Steven D. Epps
Christopher F. Deans
David L. Barnes, Jr.

* Also admitted in Georgia
** Also admitted in North Carolina

Phone: 843-937-8800
Fax: 843-937-4200
www.tktylawfirm.com

May 4, 2011

<u>VIA E-MAIL ONLY</u>
Phillip Dozier, Esq.
<u>Phillip.Dozier@mcleodlawfirm.com</u>

Re:   <u>Teserian, et al. v. Professional Plastering & Stucco, Inc. et al.</u>
       Civil Action No.: 2008-CP-10-0049

Dear Mr. Dozier:

As you know, I, along with others, represent the Plaintiffs in the above-referenced matter. Recently, we have communicated a settlement demand of $950,000.00 in exchange for a full, final and complete release of all of the Plaintiffs' claims (including the claims of Summit Contractors, of which our clients are the assignees) against your client, Professional Plastering & Stucco, Inc. As you are aware, this settlement demand is clearly within the policy limits of the various liability policies maintained by your client.

As I am sure your South Carolina defense counsel has informed you, the evidence and the facts of this case as they relate to the work of your client make it very likely that a jury will find the Plaintiffs' damages resulted from the negligent acts or omissions on the part of Professional Plastering. There is a very strong likelihood that the Plaintiffs' damages will exceed Professional Plastering's policy limits.

South Carolina has long recognized that where a liability insurer "assumes the duty of defending a claim" the carrier "owes the insured the duty of settling the claim if that is the reasonable thing to do." <u>Tyger River Pine Co. v. Maryland Casualty Co.</u>, 170 S.E. 346, 349 (S.C. 1933). Here, a settlement within your insured's policy limits is clearly "the reasonable thing to do." The various carriers' actions thus far are unreasonably exposing its insured (your client) to personal liability. Should the carriers continue to refuse to settle this matter for the demand that has been made within their policy limits, South Carolina law provides recourse for your client to pursue the carriers for any excess verdict that may be rendered.

*Phillip Dozier, Esq.*
*May 4, 2011*
*Page 2 of 4*

---

I also understand that Admiral Insurance has thus far failed and refused to participate in the defense of its insured in this matter. Pursuant to South Carolina case law and the "modified continuous trigger theory" adopted therein, it would appear that a defense and indemnity from Admiral to Professional Plastering should be provided under Admiral's policies. The South Carolina Supreme Court in Joe Harden Builders, Inc. v. Aetna Casualty and Surety Company, 326 SC 231, 486 S.E.2d 89 (1997) and Century Indemnity Company v. Golden Hill Builders, Inc., et al., 348 SC 559, 561 S.E.2d 355 (2002) adopted a modified continuous trigger theory which holds that, "coverage is triggered at the time of an injury-in-fact and *continuously thereafter to allow coverage under all policies in effect from the time of injury-in-fact during the progressive damage.*" Joe Harden, 236 (emphasis added). "Under [the modified continuous trigger theory], coverage is triggered whenever the damage can be show in fact to have first occurred, even if it is before the damage became apparent, and the policy in effect at the time of the injury-in-fact covers all ensuing damages. *Coverage is also triggered under every policy applicable thereafter.*" Century Indemnity Co., 564 (internal citations omitted)(emphasis added).

In South Carolina, the duty and obligation of a liability insurance carrier to defend a claim brought against its insured is determined by the allegations of the complaint. See e.g. City of Hartsville v. South Carolina Mun. Ins. & Risk Financing Fund, 382 SC 535, 677 S.E.2d 574 (2009). An insurer's duty to defend is separate and distinct from its obligation to indemnify or pay a judgment rendered against an insured. See e.g. Id. citing Sloan Construction Co. v. Cent. Nat'l Ins. Co. of Omaha, 269 SC 183, 236 S.E.2d 818 (1977). If the underlying complaint creates a possibility of coverage under an insurance policy, the insurer is obligated to defend. See e.g. Id. citing Gordon-Gallup Realtors, Inc. v. Cincinnati Ins. Co., 274 SC 468, 265 S.E.2d 38 (1980).

In my opinion, Admiral's continued failure and refusal to defend its insured when the allegations of our complaint so clearly trigger coverage under any interpretation of South Carolina law amounts to nothing less than actionable bad faith.

Below are some representative photographs of the type of damage the jury is going to see that is the result of your client's negligent and defective workmanship.

*Phillip Dozier, Esq.*
*May 4, 2011*
*Page 3 of 4*



15 MIDDLE ATLANTIC WHARF • CHARLESTON • SOUTH CAROLINA • 29401

*Phillip Dozier, Esq.*
*May 4, 2011*
*Page 4 of 4*

Clearly a settlement is the reasonable thing to do for your client and I would urge you, pursuant to South Carolina's <u>Tyger River</u> doctrine, to demand that your client's various liability carriers settle this claim for the Plaintiffs' new demand that is clearly and unequivocally within their policy limits.

The Plaintiffs' current demand of $950,000.00 expires at 5:00 p.m. EST, Thursday, May 5, 2011.

With best regards, I remain

Very truly yours,

Jesse A. Kirchner

JAK/bmb

**15 MIDDLE ATLANTIC WHARF • CHARLESTON • SOUTH CAROLINA • 29401**

# THURMOND KIRCHNER TIMBES & YELVERTON, P.A.
## ATTORNEYS & COUNSELORS AT LAW

---

15 MIDDLE ATLANTIC WHARF, SUITE 101
CHARLESTON, SOUTH CAROLINA 29401

Paul R. Thurmond
Jesse A. Kirchner
Michael A. Timbes *
Matthew E. Yelverton **
Steven D. Epps
Christopher F. Deines
David L. Barras, Jr.

---
* Also admitted in Georgia
** Also admitted in North Carolina

Phone:   843-937-0000
Fax:     843-937-4200
www.tkylawfirm.com

May 5, 2011

VIA E-MAIL ONLY
Jonathon J. Anderson, Esq.
janderson@srdlawsc.com

William T. Young, III, Esq.
bill@hghpa.com

Jason A. Pittman, Esq.
jan@lylesfirm.com

Re:   Tesenier, et al. v. Professional Plastering & Stucco, Inc. et al.
      Civil Action No.: 2008-CP-10-0049

Dear Colleagues:

As you know, the Plaintiffs in the above-referenced matter recently communicated a settlement demand of $925,000.00 in exchange for a full, final and complete release of all the Plaintiffs' claims (including the claims of Summit Contractors, of which our clients are the assignees) against your insured, Professional Plastering & Stucco, Inc. As you are aware, this settlement demand is clearly within the policy limits of your various liability policies covering Professional Plastering.

The evidence and the facts of this case as they relate to the work of your client make it very likely that a jury will find the Plaintiffs' damages resulted from the negligent acts or omissions on the part of Professional Plastering. There is a very strong likelihood that the Plaintiffs' damages will exceed Professional Plastering's policy limits.

South Carolina has long recognized that where a liability insurer "assumes the duty of defending a claim" the carrier "owes the insured the duty of settling the claim if that is the reasonable thing to do." Tyger River Pine Co. v. Maryland Casualty Co., 170 S.E. 346, 349 (S.C. 1933). Here, a settlement within your insured's policy limits is clearly "the reasonable thing to do." The

various carriers' actions thus far are unreasonably exposing its insured (your client) to personal liability. Should the carriers continue to refuse to settle this matter for the demand that has been made within their policy limits, South Carolina law provides that they become liable for any excess verdict that may be rendered.

Bill, as it relates to your client, I understand that Admiral Insurance has thus far failed and refused to participate in the defense of its insured in this matter. Pursuant to South Carolina case law and the "modified continuous trigger theory" adopted therein, it would appear that a defense and indemnity from Admiral to Professional Plastering should be provided under Admiral's policies. The South Carolina Supreme Court in Joe Harden Builders, Inc. v. Aetna Casualty and Surety Company, 326 SC 231, 486 S.E.2d 89 (1997) and Century Indemnity Company v. Golden Hill Builders, Inc., et al., 348 SC 559, 561 S.E.2d 355 (2002) adopted a modified continuous trigger theory which holds that, "coverage is triggered at the time of an injury-in-fact and *continuously thereafter to allow coverage under all policies in effect from the time of injury-in-fact during the progressive damage*." Joe Harden, 236 (emphasis added). "Under [the modified continuous trigger theory], coverage is triggered whenever the damage can be shown in fact to have first occurred, even if it is before the damage became apparent, and the policy in effect at the time of the injury-in-fact covers all ensuing damages. *Coverage is also triggered under every policy applicable thereafter*." Century Indemnity Co., 564 (internal citations omitted)(emphasis added).

In South Carolina, the duty and obligation of a liability insurance carrier to defend a claim brought against its insured is determined by the allegations of the complaint. See e.g. City of Hartsville v. South Carolina Mun. Ins. & Risk Financing Fund, 382 SC 535, 677 S.E.2d 574 (2009). An insurer's duty to defend is separate and distinct from its obligation to indemnify or pay a judgment rendered against an insured. See e.g. Id. citing Sloan Construction Co. v. Cent. Nat'l Ins. Co. of Omaha, 269 SC 183, 236 S.E.2d 818 (1977). If the underlying complaint creates a possibility of coverage under an insurance policy, the insurer is obligated to defend. See e.g. Id. citing Gordon-Gallup Realtors, Inc. v. Cincinnati Ins. Co., 274 SC 468, 265 S.E.2d 38 (1980).

In my opinion, Admiral's continued failure and refusal to defend its insured when the allegations of our complaint so clearly trigger coverage under any interpretation of South Carolina law amounts to nothing less than actionable bad faith. In this regard, we are seeking (and will be given) an assignment of Professional Plastering's policy rights and bad faith claims against your carriers through its personal counsel.

*May 4, 2011*
*Page 3 of 4*

Below are some representative photographs of the type of damage the jury is going to see that is the result of your client's negligent and defective workmanship.



15 MIDDLE ATLANTIC WHARF · CHARLESTON · SOUTH CAROLINA · 29401

*May 4, 2011*
*Page 4 of 4*

Clearly a settlement is the reasonable thing to do for your insured and I urge you, pursuant to South Carolina's Tyger River doctrine, that you settle this claim for the Plaintiffs' new demand that is clearly and unequivocally within your respective policy limits.

The Plaintiffs' current demand of $925,000.00 expires at 10:00 a.m. EST, Friday, May 6, 2011.

With best regards, I remain

Very truly yours,

Jesse A. Kirchner

JAK/awh

# EXHIBIT B

| | |
|---|---|
| STATE OF SOUTH CAROLINA  )<br>COUNTY OF CHARLESTON  )<br> ) | IN THE COURT OF COMMON PLEAS<br>FOR THE NINTH JUDICIAL CIRCUIT<br>CASE NO.: 2008-CP-10-0049 |
| MARK F. TESENIAR AND NAN M. TESENIAR,  )<br>on behalf of themselves and others similarly situated,  )<br>and TWELVE OAKS AT FENWICK PROPERTY  )<br>OWNERS ASSOCIATION, INC., (from December  )<br>16, 2008 to present),  )<br> )<br>Plaintiffs,  )<br> )<br>vs.  )<br> )<br>PROFESSIONAL PLASTERING & STUCCO, INC.,  )<br> )<br>Defendants.  )<br>————————————————————  ) | **VERDICT FORM** |

1.    On the claim of Negligence, we the jury, find in favor of:

   ✓ Plaintiffs

   _____ Defendant


2.    On the Claim of Breach of Implied Warranty of Good and Workmanlike Service,
   we the jury, find in favor of:

   ✓ Plaintiffs

   _____ Defendant


The Plaintiffs have received a total of $8,025,000 in settlements in this matter from other
parties. Therefore, any damages that you award Plaintiffs would be in addition to those
damages already received.

1

## DAMAGES

4.  If you found in favor of Plaintiffs on either cause of action, please state the
    amount of damages sustained by the plaintiff.

    $ _7,723,225_____ . Actual Damages

5.  If you awarded any Actual Damages to the Plaintiffs, please state the amount of
    Punitive Damages, if any, to be awarded against the Defendant.

    $ _____ Punitive Damages

I certify that this decision is the unanimous decision of the jury.

_____
Foreperson
May 13, 2011   CHRIS SNELSON

2

# EXHIBIT C

FORM 4

STATE OF SOUTH CAROLINA                                    JUDGMENT IN A CIVIL CASE

COUNTY OF CHARLESTON
IN THE COURT OF COMMON PLEAS                       Case No.: 2008-CP-10-0049

Mark F. Teseniar, et al          versus        **Professional Plastering & Stucco, Inc.**

PLAINTIFFS                                    DEFENDANT(S)

**CHECK ONE:**

[ ]   **JURY VERDICT.** This action came before the court for a trial by jury. The issues have been tried and the verdict has been rendered.

[X]   **DECISION BY COURT.** This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered.

[]   **ACTION DISMISSED (CHECK REASON:**    [ ] Rule 12(b), SCRCP; [ ] Rule 41(a), SCRCP (Vol. nonsuit)
     [] Rule 43(k), SCRCP(Settled); [ ] Other -

[ ]   **ACTION STRICKEN (CHECK REASON:**    [ ] Rule 40(j),SCRCP; [ ] Bankruptcy; [.] Binding Arbitration, subject to right to restore to confirm, vacate or modify arbitration award; [ ] Other_____

[ ]   **DISPOSITION OF APPEAL TO THE CIRCUIT COURT (CHECK APPLICABLE BOX):**
     [ ] Affirmed; [ ] Reversed; [ ] Remanded; [ ] Other
     NOTE: ATTORNEYS ARE RESPONSIBLE FOR NOTIFYING THE LOWER COURT, TRIBUNAL OR ADMINISTRATIVE AGENCY OF THE CIRCUIT COURT RULING IN THIS APPEAL.

IT IS ORDERED AND ADJUDGED:     [ ] See attached order. (Formal order to follow)
                                [X] Statement of Judgment by the Court:

-By Unanimous Decision, Jury found in favor of Plaintiff on both counts, awarding Plaintiff $7,723,225.00 actual damages.

Dated at Charleston, South Carolina, this 13ᵗʰ day of May, 2011.

PRESIDING JUDGE

SCCA SCRP Form 4Revised 6/2008                      Clerk of Court
                                                    Julie J. Armstrong

ATTEST: A TRUE COPY
JULIE J. ARMSTRONG (SEAL)
CLERK, C.P. G.& P PC.
By_____
DEPUTY CLERK

# EXHIBIT D

# THE SCHOOLEY LAW FIRM

## INTEGRITY • EXPERIENCE • COMMITMENT

Steven R. Schooley, Esquire
sschooley@schooleylawfirm.com
www.schooleylawfirm.com

March 6, 2012

**CERTIFIED MAIL
RETURN RECEIPT REQUESTED**

Joseph Junfola
Claims Adjuster
Admiral Insurance Company
1255 Caldwell Road
P.O. Box 5725
Cherry Hill, NJ 08034-3220

  Re: Your Insured:  Professional Plastering & Stucco, Inc.
     Admiral Insurance Policy #CA000004903-01 & CA00004903-02
     Claim No.: C137536

Dear Mr. Junfola:

  As required pursuant to Section 624.155, Florida Statutes, enclosed is a Civil Remedy Notice of Insurer Violation submitted to the Florida Department of Financial Services on behalf of Professional Plastering & Stucco, Inc.  This notice is provided so Professional Plastering & Stucco, Inc. may pursue its statutory remedies against Admiral Insurance Company.  If you require additional information or have any questions regarding this matter, please contact me.

       Sincerely,

       Steven R. Schooley

SRS/dt

Enclosure



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

        eph Junfola
Admi     nsurance Company
1255 Caldwell Road
P.O. Box 5725
Cherry Hill. NJ 08034-3220

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
M Her fll   MAR 12 2012

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7007 0710 0002 0371 7349

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-154

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ | $0.45 |
| Certified Fee | $2.95 |
| Return Receipt Fee (Endorsement Required) | $2.35 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $5.75 | 03/06/2012 |

Joseph Junfola
Admiral Insurance Company
1255 Caldwell Road
P.O. Box 5725
Cherry Hill, NJ 08034-3220

Sent To
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006      See Reverse for Instructions

7007 0710 0002 0371 7349

Filing Number:     **198515**

Filing Accepted:    2/24/2012

Warning! Information submitted as part of this civil remedy notice is a public record.  Data entered into this form will be displayed on the DFS website for public review.  Please DO NOT enter Social Security Numbers, personal medical information, personal financial information or any other information you do not want available for public review.

☒ The submitter hereby states that this notice is given in order to perfect the rights of the person(s) damaged to pursue civil remedies authorized by Section 624.155, Florida Statutes.

## Complainant

| | |
|---|---|
| Name: | **PROFESSIONAL PLASTERING & STUCCO, INC.** |
| Street Address: | **2920 STONEWALL PLACE** |
| City, State Zip: | **SANFORD, FL  32773** |
| Email Address: | |
| Complainant Type: | **Insured** |

## Insured

| | |
|---|---|
| Name: | **PROFESSIONAL PLASTERING & STUCCO, INC.** |
| Policy #: | **CA000004903-01 AND 02** |
| Claim #: | **C137536** |

## Attorney

| | |
|---|---|
| Name: | **STEVEN R. SCHOOLEY** |
| Street Address: | **108 HILLCREST STREET** |
| City, State Zip: | **ORLANDO, FL  32801** |
| Email Address: | **SSCHOOLEY@SCHOOLEYLAWFIRM.COM** |

## Notice Against

| | |
|---|---|
| Insurer Type: | **Authorized Insurer** |
| Name: | **ADMIRAL INSURANCE COMPANY** |
| Street Address: | |
| City, State Zip: | |

Please identify the person or persons representing the insurer who are most responsible for/knowledgeable of the facts giving rise to the allegations in this notice.

**JOSEPH JUNFOLA**

Type of Insurance:

DFS-10-363
Rev. 11/2007

Filing Number.   198515

## Reason for Notice

Reasons for Notice:

Claim Denial

Claim Delay

Unfair Trade Practice

PURSUANT TO SECTION 624.155, F.S. please indicate all statutory provisions alleged to have been violated.

| | |
|---|---|
| 624.155(1)(b)(1) | Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests. |
| 624.155(1)(b)(3) | Except as to liability coverages, failing to promptly settle claims, when the obligation to settle a claim has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage. |
| 626.9541(1)(i)(2) | A material misrepresentation made to an insured or any other person having an interest in the proceeds payable under such contract or policy, for the purpose and with the intent of effecting settlement of such claims, loss, or damage under such contract or policy on less favorable terms than those provided in, and contemplated by, such contract or policy. |
| 626.9541(1)(i)(3)(a) | Failing to adopt and implement standards for the proper investigation of claims. |
| 626.9541(1)(i)(3)(b) | Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue. |
| 626.9541(1)(i)(3)(c) | Failing to acknowledge and act promptly upon communications with respect to claims. |
| 626.9541(1)(i)(3)(d) | Denying claims without conducting reasonable investigations based upon available information. |
| 626.9541(1)(i)(3)(f) | Failing to promptly provide a reasonable explanation in writing to the insured of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement. |
| 626.9541(1)(i)(3)(g) | Failing to promptly notify the insured of any additional information necessary for the processing of a claim. |
| 626.9541(1)(i)(3)(h) | Failing to clearly explain the nature of the requested information and the reasons why such information is necessary. |

Reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the authorized insurer has not provided a copy of the policy to the third party claimant pursuant to written request.

WE WILL PAY THOSE SUMS THAT THE INSURED BECOMES LEGALLY OBLIGATED TO PAY AS DAMAGES BECAUSE OF..."PROPERTY DAMAGE" TO WHICH THIS INSURANCE APPLIES. WE WILL HAVE THE RIGHT AND DUTY TO DEFEND THE INSURED AGAINST ANY "SUIT" SEEKING THOSE DAMAGES.

To enable the insurer to investigate and resolve your claim, describe the facts and circumstances giving rise to the insurer's violation as you understand them at this time.

DFS-10-363
Rev. 11/2007

SUBJECT TO INSURANCE COVER    . THE INSURER INITIALLY FAILED    R    DE A DEFENSE.
EVENTUALLY THE INSURER    ENDED BUT THEREAFTER REFUSED TO    RTICIPATE IN THE
OPPORTUNITY TO SETTLE PLAINTIFF'S CLAIMS WITHIN POLICY LIMITS. PLAINTIFF OBTAINED A
JUDGMENT IN THE AMOUNT OF $7,723,225.00 PLUS INTEREST AND COSTS THAT SHOULD AND COULD
HAVE BEEN AVOIDED AND SETTLED WITHIN POLICY LIMITS IF THE INSURER ACTED REASONABLY AND
IN GOOD FAITH FOR THE BENEFIT OF ITS INSURED. INSURED IS NOW SUBJECTED TO A CONTINUING
JUDGMENT ENFORCEMENT LAWSUIT FOR WHICH THE INSURER REFUSES TO PROVIDE A DEFENSE OR
INDEMNITY NOR WILL THE INSURER POST A BOND TO OBTAIN A STATUTORY STAY OF SUCH ADVERSE
ACTIONS AGAINST THE INSURED.

## Comments

| User Id | Date Added | Comment |
| --- | --- | --- |
| | | |

DFS-10-363
Rev. 11/2007

 **JEFF ATWATER, CHIEF FINANCIAL OFFICER**
FLORIDA DEPARTMENT OF FINANCIAL SERVICES

**Civil Remedy Notice of Insurer Violations**

sschooley@schooleylawfirm.com

Home   Create Filing   Search Filings   Subscriptions   Change Password   Help/FAQ

Logout

Filing number 198515 is accepted.

Filing Accepted 2/24/2012

Notice of Acceptance of this "Civil Remedy Notice of Insurer Violation" confirms the submission has met the specificity standards for acceptance by the automated system. The system specificity standards validate only that the required fields on the form contain data. The standards do not evaluate the quality or detail of the data. Acceptance of this on-line form by the system confirms the Department's receipt of the notice form. Acceptance by the system does not, however, fulfill the requirement that the authorized insurer be given 60 days' written notice of the violation". The "Print Filing" option below will provide you with a hard copy of the accepted "Civil Remedy Notice of Insurer Violation" form which can be sent to the insurer to comply with this portion of the law.

Print Filing

# EXHIBIT E

# THE SCHOOLEY LAW FIRM

### INTEGRITY • EXPERIENCE • COMMITMENT

Steven R. Schooley, Esquire
sschooley@schooleylawfirm.com
www.schooleylawfirm.com

February 24, 2012

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Tracey Broderick                              Patrick Greenwood
Claims Examiner                              Claims Adjuster
National Fire and Marine Insurance           National Fire and Marine Insurance
 Company                                      Company
4016 Farnan Street                           4016 Farnan Street
Omaha, NE 68131-3095                         Omaha, NE 68131-3095

Re:   Your Insured: Professional Plastering & Stucco, Inc.
      National Fire & Marine Policy No. 72LP-156277
      Claim No.:   72-39-249163

Dear Ms. Broderick and Mr. Greenwood:

As required pursuant to Section 624.155, Florida Statutes, enclosed is a Civil Remedy Notice of Insurer Violation submitted to the Florida Department of Financial Services on behalf of Professional Plastering & Stucco, Inc. This notice is provided so Professional Plastering & Stucco, Inc. may pursue its statutory remedies against National Fire and Marine Insurance Company. If you require additional information or have any questions regarding this matter, please contact me.

Sincerely,

Steven R. Schooley

SRS/dt

Enclosure

**SENDER: COMPLETE THIS SECTION**

- ☑ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ☑ Print your name and address on the reverse so that we can return the card to you.
- ☑ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Walter P. Miller_  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
Walter P. Miller

D. Is delivery address different from item 1?  ☐ Yes
    If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

Tracey Broderick
Claims Examiner
National Fire and Marine Insurance Company
4016 Farnan Street
Omaha, NE 68131-3095

Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7007 0710 0002 0371 7318

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- ☑ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ☑ Print your name and address on the reverse so that we can return the card to you.
- ☑ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Walter P. Miller_  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
Walter P. Miller

D. Is delivery address different from item 1?  ☐ Yes
    If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

Patrick Greenwood
Claims Adjuster
National Fire and Marine Insurance Company
4016 Farnan Street
Omaha, NE 68131-3095

Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7007 0710 0002 0371 7325

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL   RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ $0.45   0804 |
| Certified Fee | $2.95   09 |
| Return Receipt Fee (Endorsement Required) | $2.35 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| | $5.75   02/24/2012 |

Postmark Here

7007 0710 0002 0371 7318

Tracey Broderick
Claims Examiner
National Fire and Marine Insurance Company
4016 Farnan Street
Omaha, NE 68131-3095

---

**U.S. Postal Service**
**CERTIFIED MAIL   RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ $0.45   0804 |
| Certified Fee | $2.95   09 |
| Return Receipt Fee (Endorsement Required) | $2.35 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| | 02/24/2012 |

Postmark Here

7007 0710 0002 0371 7325

Patrick Greenwood
Claims Adjuster
National Fire and Marine Insurance Company
4016 Farnan Street
Omaha, NE 68131-3095

## Civil Remedy Notice of Insurer Violations

Filing Number:          **198518**

Filing Accepted:        **2/24/2012**

Warning! Information submitted as part of this civil remedy notice is a public record. Data entered into this form will be displayed on the DFS website for public review. Please DO NOT enter Social Security Numbers, personal medical information, personal financial information or any other information you do not want available for public review.

☑ The submitter hereby states that this notice is given in order to perfect the rights of the person(s) damaged to pursue civil remedies authorized by Section 624.155, Florida Statutes.

### Complainant

| | |
|---|---|
| Name: | **PROFESSIONAL PLASTERING & STUCCO, INC.** |
| Street Address: | **2920 STONEWALL PLACE** |
| City, State Zip: | **SANFORD, FL  32773** |
| Email Address: | |
| Complainant Type: | **Insured** |

### Insured

| | |
|---|---|
| Name: | **PROFESSIONAL PLASTERING & STUCCO, INC.** |
| Policy #: | **72LP-156277** |
| Claim #: | **72-39-249163** |

### Attorney

| | |
|---|---|
| Name: | **STEVEN R. SCHOOLEY** |
| Street Address: | **108 HILLCREST STREET** |
| City, State Zip: | **ORLANDO, FL  32801** |
| Email Address: | **SSCHOOLEY@SCHOOLEYLAWFIRM.COM** |

### Notice Against

| | |
|---|---|
| Insurer Type: | **Authorized Insurer** |
| Name: | **NATIONAL FIRE AND MARINE INSURANCE COMPANY** |
| Street Address: | |
| City, State Zip: | **,** |

Please identify the person or persons representing the insurer who are most responsible for/knowledgeable of the facts giving rise to the allegations in this notice.

**PATRICK GREENWOOD; TRACEY BRODERICK**

Type of Insurance:

DFS-10-363
Rev. 11/2007



**Civil Remedy Notice of Insurer Violations**

Filing Number:     198518

**Reason for Notice**

Reasons for Notice:

    **Claim Denial**

    **Claim Delay**

    **Unfair Trade Practice**

**PURSUANT TO SECTION 624.155, F.S.** please indicate all statutory provisions alleged to have been violated.

| | |
|---|---|
| 624.155(1)(b)(1) | **Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests.** |
| 624.155(1)(b)(3) | **Except as to liability coverages, failing to promptly settle claims, when the obligation to settle a claim has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.** |
| 626.9541(1)(i)(2) | **A material misrepresentation made to an insured or any other person having an interest in the proceeds payable under such contract or policy, for the purpose and with the intent of effecting settlement of such claims, loss, or damage under such contract or policy on less favorable terms than those provided in, and contemplated by, such contract or policy.** |
| 626.9541(1)(i)(3)(a) | **Failing to adopt and implement standards for the proper investigation of claims.** |
| 626.9541(1)(i)(3)(b) | **Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue.** |
| 626.9541(1)(i)(3)(c) | **Failing to acknowledge and act promptly upon communications with respect to claims.** |
| 626.9541(1)(i)(3)(d) | **Denying claims without conducting reasonable investigations based upon available information.** |
| 626.9541(1)(i)(3)(f) | **Failing to promptly provide a reasonable explanation in writing to the insured of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement.** |
| 626.9541(1)(i)(3)(g) | **Failing to promptly notify the insured of any additional information necessary for the processing of a claim.** |
| 626.9541(1)(i)(3)(h) | **Failing to clearly explain the nature of the requested information and the reasons why such information is necessary.** |

Reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the authorized insurer has not provided a copy of the policy to the third party claimant pursuant to written request.

**WE WILL PAY THOSE SUMS THAT THE INSURED BECOMES LEGALLY OBLIGATED TO PAY AS DAMAGES BECAUSE OF..."PROPERTY DAMAGE" TO WHICH THIS INSURANCE APPLIES. WE WILL HAVE THE RIGHT AND DUTY TO DEFEND THE INSURED AGAINST ANY "SUIT" SEEKING THOSE DAMAGES.**

To enable the insurer to investigate and resolve your claim, describe the facts and circumstances giving rise to the insurer's violation as you understand them at this time.

DFS-10-363
Rev. 11/2007

INSURED WAS SUED IN SOUTH CAROLINA BY PLAINTIFF ASSERTING PROPERTY DAMAGE CLAIMS SUBJECT TO INSURANCE COVERAGE. THE INSURER INITIALLY FAILED TO PROVIDE A DEFENSE. EVENTUALLY THE INSURER AGREED TO DEFEND BUT SIMULTANEOUSLY REFUSED TO PARTICIPATE IN THE OPPORTUNITY TO SETTLE PLAINTIFF'S CLAIMS WITHIN POLICY LIMITS. PLAINTIFF OBTAINED A JUDGMENT IN THE AMOUNT OF $7,723,225.00 PLUS INTEREST AND COSTS THAT SHOULD AND COULD HAVE BEEN AVOIDED AND SETTLED WITHIN POLICY LIMITS IF THE INSURER ACTED REASONABLY AND IN GOOD FAITH FOR THE BENEFIT OF ITS INSURED. INSURED IS NOW SUBJECTED TO A CONTINUING JUDGMENT ENFORCEMENT LAWSUIT FOR WHICH THE INSURER REFUSES TO PROVIDE A DEFENSE OR INDEMNITY NOR WILL THE INSURER POST A BOND TO OBTAIN A STATUTORY STAY OF SUCH ADVERSE ACTIONS AGAINST THE INSURED.

| Comments | | |
|---|---|---|
| User Id | Date Added | Comment |
| | | |



# JEFF ATWATER, CHIEF FINANCIAL OFFICER
## FLORIDA DEPARTMENT OF FINANCIAL SERVICES

sschooley@schooleylawfirm.com

### Civil Remedy Notice of Insurer Violations

Home   Create Filing   Search Filings   Subscriptions   Change Password   Help/FAQ                     Logout

Filing number 198518 is accepted.

Filing Accepted 2/24/2012

Notice of Acceptance of this "Civil Remedy Notice of Insurer Violation" confirms the submission has met the specificity standards for acceptance by the automated system. The system specificity standards validate only that the required fields on the form contain data. The standards do not evaluate the quality or detail of the data. Acceptance of this on-line form by the system confirms the Department's receipt of the notice form. Acceptance by the system does not, however, fulfill the requirement that the authorized insurer be given 60 days' written notice of the violation". The "Print Filing" option below will provide you with a hard copy of the accepted "Civil Remedy Notice of Insurer Violation" form which can be sent to the insurer to comply with this portion of the law.

Print Filing

# EXHIBIT F

# THE SCHOOLEY LAW FIRM

## INTEGRITY • EXPERIENCE • COMMITMENT

Steven R. Schooley, Esquire
sschooley@schooleylawfirm.com
www.schooleylawfirm.com

March 21, 2012

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Howard Warsinger
Senior Claims Examiner
Markel
310 Highway 35
Red Bank, NJ 07701

> Re:   Your Insured: Professional Plastering & Stucco, Inc.
> Essex Insurance Policy #XCA9092
> Claim No.:   CO19758

Dear Mr. Warsinger:

As required pursuant to Section 624.155, Florida Statutes, enclosed is a Civil Remedy Notice of Insurer Violation submitted to the Florida Department of Financial Services on behalf of Professional Plastering & Stucco, Inc. This notice is provided so Professional Plastering & Stucco, Inc. may pursue its statutory remedies against Essex Insurance Company. If you require additional information or have any questions regarding this matter, please contact me.

Sincerely,

Steven R. Schooley

SRS/dt

Enclosure

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

A. Signature
X _Jack Doran_   ☐ Agent
               ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
_Jack Doran_

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

Howard Warsinger
Senior Claims Examiner
Markel
310 Highway 35
Red Bank. NJ 07701

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered      ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)      7007 0710 0002 0371 7356

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL₁₀ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com₁₀

OFFICIAL USE

7007 0710 0002 0371 7356

| | | |
|---|---|---|
| Postage | $ $0.45 | 0804 |
| Certified Fee | $2.95 | 09 |
| Return Receipt Fee (Endorsement Required) | $2.35 | |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fee | $5.75 | 03/21/2012 |

Sent To
Howard Warsinger
Senior Claims Examiner
Markel
310 Highway 35
Red Bank. NJ 07701

Street, Apt. No.;
or PO Box No.

City, State, ZIP+4

PS Form 3800, August 2006      See Reverse for Instructions

## Civil Remedy Notice of Insurer Violations

Filing Number:        200734

Filing Accepted:      3/21/2012

Warning! Information submitted as part of this civil remedy notice is a public record. Data entered into this form will be displayed on the DFS website for public review. Please DO NOT enter Social Security Numbers, personal medical information, personal financial information or any other information you do not want available for public review.

☑ The submitter hereby states that this notice is given in order to perfect the rights of the person(s) damaged to pursue civil remedies authorized by Section 624.155, Florida Statutes.

### Complainant

| | |
|---|---|
| Name: | PROFESSIONAL PLASTERING & STUCCO, INC. |
| Street Address: | 2920 STONEWALL PLACE |
| City, State Zip: | SANFORD, FL 32773 |
| Email Address: | |
| Complainant Type: | Insured |

### Insured

| | |
|---|---|
| Name: | PROFESSIONAL PLASTERING & STUCCO, INC. |
| Policy #: | XCA9092 |
| Claim #: | C019758 |

### Attorney

| | |
|---|---|
| Name: | STEVEN R. SCHOOLEY |
| Street Address: | 108 HILLCREST STREET |
| City, State Zip: | ORLANDO, FL 32801 |
| Email Address: | SSCHOOLEY@SCHOOLEYLAWFIRM.COM |

### Notice Against

| | |
|---|---|
| Insurer Type: | Authorized Insurer |
| Name: | ESSEX INSURANCE COMPANY |
| Street Address: | |
| City, State Zip: | , |

Please identify the person or persons representing the insurer who are most responsible for/knowledgeable of the facts giving rise to the allegations in this notice.

HOWARD WARSINGER

Type of Insurance:

DFS-10-363
Rev. 11/2007

## Civil Remedy Notice of Insurer Violations

Filing Number:     200734

## Reason for Notice

Reasons for Notice:

**Claim Denial**

**Claim Delay**

**Unfair Trade Practice**

PURSUANT TO SECTION 624.155, F.S. please indicate all statutory provisions alleged to have been violated.

| | |
|---|---|
| 624.155(1)(b)(1) | Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests. |
| 624.155(1)(b)(3) | Except as to liability coverages, failing to promptly settle claims, when the obligation to settle a claim has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage. |
| 626.9541(1)(i)(2) | A material misrepresentation made to an insured or any other person having an interest in the proceeds payable under such contract or policy, for the purpose and with the intent of effecting settlement of such claims, loss, or damage under such contract or policy on less favorable terms than those provided in, and contemplated by, such contract or policy. |
| 626.9541(1)(i)(3)(a) | Failing to adopt and implement standards for the proper investigation of claims. |
| 626.9541(1)(i)(3)(b) | Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue. |
| 626.9541(1)(i)(3)(c) | Failing to acknowledge and act promptly upon communications with respect to claims. |
| 626.9541(1)(i)(3)(d) | Denying claims without conducting reasonable investigations based upon available information. |
| 626.9541(1)(i)(3)(f) | Failing to promptly provide a reasonable explanation in writing to the insured of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement. |
| 626.9541(1)(i)(3)(g) | Failing to promptly notify the insured of any additional information necessary for the processing of a claim. |
| 626.9541(1)(i)(3)(h) | Failing to clearly explain the nature of the requested information and the reasons why such information is necessary. |

Reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the authorized insurer has not provided a copy of the policy to the third party claimant pursuant to written request.

DFS-10-363
Rev. 11/2007

WE WILL PAY ON BEHALF OF THE INSURED THOSE SUMS THAT THE INSURED BECOMES OBLIGATED TO PAY AS DAMAGES FOR LIABILITY IMPOSED ON THE INSURED BY LAW OR ASSUME UNDER AN INSURED CONTRACT BECAUSE OF...PROPERTY DAMAGE.

WE WILL HAVE THE RIGHT AND OPPORTUNITY...TO ASSOCIATE WITH THE INSURERS OF THOSE POLICIES IN THE DEFENSE AND CONTROL OF ANY CLAIM OR SUIT WHICH, IN OUR OPINION, MAY CREATE LIABILITY UNDER THIS POLICY.

WE WILL ASSUME CHARGE OF THE SETTLEMENT OR DEFENSE OF ANY CLAIM OR SUIT AGAINST THE INSURED SEEKING DAMAGES TO WHICH THIS POLICY APPLIES...

To enable the insurer to investigate and resolve your claim, describe the facts and circumstances giving rise to the insurer's violation as you understand them at this time.

INSURED WAS SUED IN SOUTH CAROLINA BY PLAINTIFF ASSERTING PROPERTY DAMAGE CLAIMS SUBJECT TO INSURANCE COVERAGE. THE INSURER FAILED TO PROVIDE A DEFENSE OR ASSOCIATION IN THE DEFENSE NOR PARTICIPATED IN THE OPPORTUNITY TO SETTLE PLAINTIFF'S CLAIMS WITHIN POLICY LIMITS. PLAINTIFF OBTAINED A JUDGMENT IN THE AMOUNT OF $7,723,225.00 PLUS INTEREST AND COSTS THAT SHOULD AND COULD HAVE BEEN AVOIDED IF THE INSURER ACTED REASONABLY AND IN GOOD FAITH FOR THE BENEFIT OF ITS INSURED. INSURED IS NOW SUBJECTED TO A CONTINUING JUDGMENT ENFORCEMENT LAWSUIT FOR WHICH THE INSURER REFUSES TO PROVIDE A DEFENSE OR INDEMNITY NOR WILL THE INSURER POST A BOND TO OBTAIN A STATUTORY STAY OF SUCH ADVERSE ACTIONS AGAINST THE INSURED.

| Comments | | |
| --- | --- | --- |
| User Id | Date Added | Comment |
| | | |



# JEFF ATWATER CHIEF FINANCIAL OFFICER
### FLORIDA DEPARTMENT OF FINANCIAL SERVICES

**Civil Remedy Notice of Insurer Violations**                    sschooley@schooleylawfirm.com

Home    Create Filing    Search Filings    Subscriptions    Change Password    Help/FAQ                    Logout

Filing number 200734 is accepted.

### Filing Accepted 3/21/2012

Notice of Acceptance of this "Civil Remedy Notice of Insurer Violation" confirms the submission has met the specificity standards for acceptance by the automated system. The system specificity standards validate only that the required fields on the form contain data. The standards do not evaluate the quality or detail of the data. Acceptance of this on-line form by the system confirms the Department's receipt of the notice form. Acceptance by the system does not, however, fulfill the requirement that the authorized insurer be given 60 days' written notice of the violation". The "Print Filing" option below will provide you with a hard copy of the accepted "Civil Remedy Notice of Insurer Violation" form which can be sent to the insurer to comply with this portion of the law.

Print Filing